UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMAZON.COM INC., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> SIROWL TECHNOLOGY, *et al.*, <br><br> Defendants. | CASE NO. 2:20-cv-01217-RSL-JRC <br><br> ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY AND ALTERNATIVE SERVICE |

This matter is before the Court on referral from the District Court (Dkt. 8) and on plaintiffs' *ex parte* motion for expedited discovery and alternative service. Dkt. 7. The Court grants the motion with the limitations discussed herein.

**BACKGROUND**

Plaintiffs brought this matter in August 2020. Dkt. 1. They seek damages and equitable relief related to defendants' alleged sale of counterfeit beauty products on Amazon.com. Dkt. 1, at 1. Defendants are identified as "a collection of individuals and entities, both known and unknown, that conspired and operated in concert with each other to engage in the counterfeiting

scheme[.]" Dkt. 1, at 3.  Named defendants are Sirowl Technology LLC ("Sirowl") ("a Wyoming corporation"); Shenzhen Mingyanfeng Tech Ltd. ("Shenzhen"), TopoGrow, and General Medi (entities "of unknown type and classification"); Yinglong Zhao (who allegedly resides in Shenzhen, China); and Yanqi Chen, Yinghang Su, Jianjun Geng, Unie Liu, Mia Liu, and Rachel Ying (whose residences are unknown).  *See* Dkt. 1, at 3–5.

Plaintiffs claim that defendants used sham information to open the relevant Amazon accounts.  Dkt. 7, at 3.  Plaintiffs' attorney states that his firm has attempted service on all defendants other than defendants Zhao and Chen (who are located in China, based on defendants' investigations) but that defendants were not present at the physical addresses that plaintiffs' attorney or plaintiff Amazon has identified.  *See* Dkt. 7-1, at 1–2.

Plaintiffs assert that they have been able to locate bank accounts associated with the entity defendants, as well as logins to virtual private server/internet service providers associated with defendants Shenzhen Mingyanfeng Tech Ltd., TopoGrow, and Zhao.  Dkt. 7, at 3.  And plaintiffs assert that they have identified email addresses associated with various defendants.  Dkt. 7, at 4.  Plaintiffs seek leave to serve named defendants by email and to serve subpoenas on the banks, virtual private server/internet service providers, and email service providers identified in their motion in order to discovery the true identities, physical addresses, and other contact information of defendants.

## DISCUSSION

### I. Expedited Discovery

Plaintiffs request permission to serve Federal Rule of Civil Procedure 45 subpoenas on email service providers, banks, and virtual private server/internet service providers that they have

identified, as well as other companies identified in subpoena responses, in order to identify and locate named and unnamed defendants. Dkt. 7, at 8.

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, the Rule recognizes that expedited discovery may occur when authorized by court order. Fed. R. Civ. P. 26(d). In determining whether to authorize expedited discovery, courts in this District have looked to the "good cause" standard set forth in *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). *See, e.g.*, *Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at *2–*3 (W.D. Wash. Jan. 8, 2007) (measuring good cause by the diligence of the moving party, whether the motion sought to promote the efficient disposition of the matter, and the lack of prejudice to the nonmoving party).

"Courts . . . routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *ZG TOP Tech. Co. v. Doe*, No. C19-92-RAJ, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019). The *ZG Top Technology Company* Court looked to whether–

> plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*Id.*

Here, plaintiffs assert that they have been unable to serve any defendant. They specifically recount attempts to serve all defendants other than Zhao and Chen—who plaintiffs believe live in China and for whom plaintiffs have not identified any physical addresses. *See* Dkt. 7-1, at 1–2. Plaintiffs specify the named defendants' alleged relation to the purported

scheme and explain that addresses provided to establish the Amazon accounts were sham addresses. Dkt. 7, at 3. Plaintiffs state that they have discovered bank accounts associated with Shenzhen, TopoGrow, and General Medi; virtual private server/internet service providers related to IP addresses used by defendants Shenzhen, TopoGrow, and Zhao; and email addresses associated with all defendants. *See* Dkt. 7, at 3–4; *see also* Dkt. 1, at 8, 11. The Court is therefore satisfied that plaintiffs have shown the steps taken to locate defendants, that defendants are entities or people who can be sued, and that subpoenas directed to the banks, virtual private servers/internet service providers, and email service providers are reasonably likely to uncover information that will permit service of process.

As for the Doe defendants, the Court concludes that plaintiffs' contention that defendants are likely using fake names and contact information supports the conclusion that there may be other, real people and entities engaged in the scheme than those named in the complaint. As noted above, plaintiffs have taken reasonable measures to identify all allegedly infringing defendants but have been limited in their ability to uncover the true names of defendants. *See* Dkt. 7-1, at 2. The Court concludes that plaintiffs have adequately shown that subpoenas will uncover other identities associated with persons that have been behind the Amazon accounts allegedly used to sell counterfeit goods.

The Court further concludes that at this early stage, plaintiffs have adequately demonstrated a likelihood that the action could survive a motion to dismiss. The complaint includes claims of trademark infringement under 15 U.S.C. § 1114 and false designation/false advertising under 15 U.S.C. 1125(a). Plaintiff KeraFiber LLC—also known as KF Beauty— alleges that it owns the WUNDER2 trademark (Dkt. 1, at 2)—and that defendants advertised and

1  sold counterfeit WUNDER2 products to Amazon using KF Beauty's registered trademarks

2  without authorization to deceive Amazon and customers.  Dkt. 1, at 3, 12–14.

3        Finally, the Court concludes that plaintiffs have shown that their intent is not improper

4  but is to attempt to serve and litigate this matter and that there will be no undue prejudice to

5  defendants.  Plaintiffs seek limited discovery to obtain the identities and locations of defendants.

6  This justifies attempts to seek the names and contact information, including email addresses and

7  physical addresses of defendants.

8        Accordingly, the Court grants plaintiffs' motion to the extent that they seek to serve

9  subpoenas on third party banks, internet service providers/virtual private servers, and email

10 service providers to obtain the identities and contact information of defendants associated with

11 the Amazon accounts allegedly marketing counterfeit goods.  This information may include the

12 names, street and email addresses, and telephone numbers of defendants.

13       The Court does not grant permission to serve subpoenas on other companies identified in

14 subpoena responses.  If the information obtained by serving subpoenas on the entities identified

15 in plaintiffs' motion (Dkt. 7) is inadequate, plaintiffs may file another motion explaining the

16 justification for further expedited discovery.

17       **II.  Email Service**

18       Plaintiffs further request permission to serve the named defendants, who are believed to

19 reside in China, by email.  Dkt. 7-1, at 2.

20       Federal Rule of Civil Procedure 4(f) provides for service of an individual in a foreign

21 country "by any internationally agreed means of service that is reasonably calculated to give

22 notice, such as those authorized by the Hague Convention. . . ." or "by any other means not

23 prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1), (3).

24

1   China is a party to the Hague Convention.  *E.g. Cengage Learning, Inc. v. Xuhong Wang*,
2   No. 17 CIV. 4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017).  The Hague
3   Convention is silent regarding service by e-mail, and courts in this District have routinely
4   authorized requests for service by email on foreign defendants in countries that are parties to the
5   Convention.  *See, e.g.*, *Will Co. v. Kam Keung Fung*, No. 3:20-CV-05666-RSL, 2020 WL
6   6709712, at *2 (W.D. Wash. Nov. 16, 2020) (concluding that email service in China is not
7   prohibited by an international agreement).

8   Similar to *Will Co.*, here plaintiffs have demonstrated an inability to obtain a valid
9   physical address for defendants and that defendants conduct business through the internet, so that
10  service by email will provide defendants with sufficient notice and an opportunity to respond.
11  *Id.*  Therefore, the Court finds that service by email is appropriate, and plaintiffs' motion for
12  alternative service on the named defendants is granted.

## CONCLUSION

14  The motion for expedited discovery and alternative service (Dkt. 7) is granted.

15  Plaintiffs shall immediately serve Fed. R. Civ. P. 45 subpoenas on the third-party banks,
16  internet service providers/virtual private servers, and email service providers ("banks, ISPs, and
17  email hosts") identified in their motion for expedited discovery and alternative service (Dkt. 7).
18  The subpoenas are limited to the identities, contact information, and locations of defendants,
19  including Doe defendants.

20  A bank, ISP, or email host shall have 30 days from service with a subpoena to give
21  written notice (including email notice) and a copy of the subpoena to any affected person or
22  entity.  Any objection made by a bank, ISP, or email host or by an affected person or entity must
23  be made within 30 days of service of the subpoena on the bank, ISP, or email host.  If such

1  objection is made, the bank, ISP, or email host shall not disclose information in response to the
2  subpoena unless ordered to do so by the Court. If an objection is served, the bank, ISP, or email
3  host shall preserve any material responsive to the subpoena for a period of no less than ninety
4  (90) days in order to allow plaintiffs to move for an order compelling production under Federal
5  Rule of Civil Procedure 45(d)(2)(B)(i). If no objection is served, the bank, ISP, or email host
6  shall comply with the subpoena within ten (10) days.
7      Plaintiffs are also authorized to serve defendants by registered email, as outlined in their
8  motion, including providing confirmation of completed service by email to the Court. *See* Dkt.
9  7, at 8.
10     Dated this 4th day of December, 2020.

J. Richard Creatura
United States Magistrate Judge