1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMAZON.COM INC., *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>SIROWL TECHNOLOGY, *et al.*,<br><br>                    Defendants. | CASE NO. 2:20-cv-01217-RSL-JRC<br><br>ORDER ON PLAINTIFFS' SECOND SUPPLEMENTAL MOTION FOR EXPIDITED DISCOVERY |

This matter is before the Court on referral from the District Court (Dkt. 8) and on plaintiffs' second *ex parte* supplemental motion for expedited discovery. Dkt. 16. Specifically, plaintiffs' request that the Court expand the scope of its prior Order (Dkt. 9) by authorizing the issuance of subpoenas on the following internet service providers ("ISP"): Sprious LLC, Cogent Communications, Alibaba Group (U.S.) Inc., and Linode LLC. *See* Dkt. 16, at 1. Finding good cause, the Court grants plaintiffs' second supplemental motion.

# BACKGROUND

Plaintiffs initiated this matter in August 2020. Dkt. 1. They seek damages and equitable relief related to defendants' alleged sale of counterfeit beauty products on Amazon.com. *See id.* at 1. Defendants are identified as "a collection of individuals and entities, both known and unknown, that conspired and operated in concert with each other to engage in the counterfeiting scheme[.]" *Id.* at 3.

Plaintiffs previously motioned the Court for expedited discovery in order to serve third-party subpoenas to obtain records relating to the identities and locations of certain named and unnamed defendants prior to conferring with all parties pursuant to Fed. R. Civ. P. 26(f). *See* Dkts. 7, 13. Finding good cause, the Court granted plaintiffs' motions to serve subpoenas on third-party banks, ISPs, and email service providers in order to obtain the identities and contact information of defendants associated with the Amazon accounts allegedly marketing counterfeit goods. *See* Dkts. 9, at 5; 15, at 4. However, the Court did not grant permission to serve subpoenas on other companies identified in subpoena responses and stated that if other companies were identified, plaintiffs must seek further permission of the Court justifying additional expedited discovery. *See id.*

Following the Court's second expedited discovery order (Dkt. 15), plaintiffs served a third-party subpoena on Payoneer, Inc. ("Payoneer") regarding contact information related to the bank account used by defendant General Medi. *See* Dkts. 16, 1–2; 17, at 2. Plaintiffs state that Payoneer provided responsive information relating to the bank account associated with defendant General Medi. *See* Dkts. 16, at 2; 17, at 2. The bank account was also registered to defendant Yanqui Chen and used by defendant Yinglong Zhao. *See id.* Plaintiffs further state that Payoneer's subpoena response also contained a list of IP addresses and geographic regions

corresponding to logins made to the Payoneer account. *See id.* Plaintiffs state that these logins originated in the United States and were hosted by the following United States-based ISPs: Sprious LLC, Cogent Communications, Alibaba Group (U.S.) Inc., and Linode LLC. *See id.*

Plaintiffs now request that the Court expand the scope of its prior expedited discovery order (Dkt. 9) and authorize the issuance of subpoenas on the named ISPs in order to determine "the current whereabouts and any [United States]-based connections to this counterfeiting enterprise" involving defendants General Medi, Chen, and Zhao. *See* Dkt. 16, at 2.

## DISCUSSION

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, the Rule recognizes that expedited discovery may occur when authorized by court order. Fed. R. Civ. P. 26(d). In determining whether to authorize expedited discovery, courts in this District have looked to the "good cause" standard set forth in *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). *See, e.g., Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at *2–*3 (W.D. Wash. Jan. 8, 2007) (measuring good cause by the diligence of the moving party, whether the motion sought to promote the efficient disposition of the matter, and the lack of prejudice to the nonmoving party). In evaluating whether a plaintiff has established good cause, the Court considers whether—

> plaintiff (1) identifies the [] defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*ZG TOP Tech. Co. v. Doe*, No. C19-92-RAJ, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019).

Plaintiffs state that there is good cause to authorize the issuance of subpoenas on the named ISPs because doing so will assist plaintiffs in discovering the current locations of defendants General Medi, Chen, and Zhao and lead to the associations and locations of their counterfeiting enterprise. *See* Dkt. 16, at 2–3. Plaintiffs argue that for the same reasons set forth in their first motion for expedited discovery (Dkt. 7), issuance of subpoenas on the named ISPs is necessary and would substantially contribute to moving the case forward. *See* Dkt. 16, at 3.

The Court is satisfied that plaintiffs have shown the steps taken to locate defendants General Medi, Chen, and Zhao through the authorized subpoena on Payoneer. Further, as previously discussed by this Court, plaintiffs have already shown that defendants General Medi, Chen, and Zhao may be entities or people who can be sued and that subpoenas directed to the named ISPs are reasonably likely to uncover information that will permit service of process. *See* Dkt. 9, at 4. The Court further finds that at this early stage, plaintiffs have adequately demonstrated a likelihood that the action could survive a motion to dismiss, that plaintiffs have shown their motion is a proper attempt to serve and litigate this matter, and that there will be no undue prejudice to defendants General Medi, Chen, and Zhao. *See id.* at 4–5. Additionally, because plaintiffs only seek to obtain the United States-based locations of defendants General Medi, Chen, and Zhao, and their alleged counterfeiting enterprise, this justifies the attempt to seek further information, including current email addresses, physical addresses, and/or telephone numbers from the named ISPs.

Accordingly, the Court grants plaintiffs' motion to serve subpoenas on the following ISPs to obtain the location and other contact information of defendants General Medi, Chen, and Zhao: Sprious LLC, Cogent Communications, Alibaba Group (U.S.) Inc., and Linode LLC. This information may include the names, street and email addresses, and telephone numbers

associated with defendants General Medi, Chen, and Zhao. To the extent that other entities or persons are identified in any subpoena response, plaintiffs may not serve additional subpoenas without further permission of the Court.

## CONCLUSION

Plaintiffs' second supplemental motion for expedited discovery (Dkt. 16) is GRANTED.

Plaintiff shall immediately serve Fed. R. Civ. P. 45 subpoenas on the following ISPs: Sprious LLC, Cogent Communications, Alibaba Group (U.S.) Inc., and Linode LLC. The subpoenas are limited to the associated identities, contact information, and locations of defendants General Medi, Chen, and Zhao.

The named ISPs shall have 30 days from service with a subpoena to give written notice (including email notice) and a copy of the subpoena to any affected person or entity. Any objection made by an ISP or an affected person or entity must be made within 30 days of service of the subpoena. If such objection is made, the ISP shall not disclose information in response to the subpoena unless ordered to do so by the Court. If an objection is served, the ISP shall preserve any material responsive to the subpoena for a period of no less than ninety (90) days in order to allow plaintiffs to move for an order compelling production under Federal Rule of Civil Procedure 45(d)(2)(B)(i). If no objection is served, the ISP shall comply with the subpoena within ten (10) days.

Dated this 16th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge